# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JOSHUA CACHO, A TEXAS RESIDENT,** | § § § | |
| *Plaintiff,* | § § | |
| | § | No.  3:25-CV-00243-LS |
| **v.** | § § | |
| **STATEWIDE REMODELING, INC., A TEXAS CORPORATION,** | § § § | |
| *Defendant.* | § § | |

## ORDER DENYING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

*Pro se* Plaintiff Joshua Cacho sues Defendant Statewide Remodeling, Inc., for communications that violate the Telephone Consumer Protection Act ("TCPA"). The Court denies Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim.

## I.    LEGAL STANDARD.

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A complaint must support legal conclusions with factual allegations.[3]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[2] *Id.*

[3] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[4] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] "'[N]aked assertions devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[6] A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted."[7]

## II.   ANALYSIS.

Defendant argues that Plaintiff fails to state a claim because solicitations to cell phones do not fall within the TCPA's prohibitions, the complaint does not allege facts supporting that the calls were solicitations, and his claims under the Texas Business and Commercial Code "are wholly predicated on his [insufficiently pled] TCPA claims."[8]

### A.   TCPA protections for cell phones.

The TCPA creates a private cause of action for any "person who has received more than one telephone call within any 12-month period" that violates "the regulations prescribed under [47 U.S.C. § 227(c)]."[9] Plaintiff alleges that Defendant's calls to his cell phone violated 47 C.F.R. § 64.1200(c), which prohibits telephone solicitations to "residential telephone subscriber[s] who ha[ve] registered [their] telephone number[s] on the national do-not-call registry."[10]

---

[4] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[5] *Twombly*, 550 U.S. at 555.

[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").

[7] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

[8] ECF No. 10, at 2.

[9] 47 U.S.C. § 227(c)(5).

[10] 47 C.F.R. § 64.1200(c)(2).

Plaintiff registered his number on the do-not-call list, but courts have differed as to whether a cell phone falls within the provision's protections. The Federal Communications Commission's ("FCC") stance is that cell phones are presumptively residential,[11] and the Fifth Circuit has recognized Congress's broad delegation of authority to the FCC under the TCPA to regulate phone solicitations outside the home.[12] "'It is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections' and 'wireless subscribers often use their wireless phones in the same manner in which they use their residential wireline phones.'"[13] As such, a majority of courts analyze whether a plaintiff factually uses the cell phone for residential or commercial purposes.[14] In this case, Plaintiff alleges that he uses the phone for personal reasons including communicating with family, navigation, and as a cooking timer, and not "primarily . . . for any business purpose."[15] This is sufficient at the pleadings stage to state a claim based on a call to a residential phone.

### B.    Solicitations.

A solicitation is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."[16] Plaintiff

---

[11] *See Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1223 (9th Cir. 2022) (quoting In re Rules and Reguls. Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, 14038 (2003)).

[12] *See Cranor v. 5 Star Nutrition, LLC*, 998 F.3d 686, 691 (5th Cir. 2021) ("[T]he FCC 'should have the flexibility to design different rules for those types of automated or prerecorded calls that it finds are not considered a nuisance or invasion of privacy.' No part of this delegation limits the FCC to considering nuisances and privacy only in the home. Given all this, we think the TCPA cannot be read to regulate unsolicited telemarketing only when it affects the home." (citations omitted) (quoting Pub L. No. 102–243, § 2, ¶ 13, 105 Stat. 2394, 2394 (1991)).

[13] *Chennette*, 50 F.4th at 1223 (quoting In re Rules and Reguls. Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, 14038 (2003)); *see also Salaiz v. VSC Operations, LLC*, No. EP-23-cv-423, 2024 WL 3405601, at *5 (W.D. Tex. July 10, 2024) ("[C]onstruing 'residential' to entirely exclude cell phones would be inconsistent with the TCPA's core purpose of protecting people from harassing telephone calls in their homes.").

[14] *See Chennette*, 50 F.4th at 1224 (collecting cases); *see also Salaiz*, 2024 WL 3405601, at *5 (collecting cases).

[15] ECF No. 2, at 11–12.

[16] 47 C.F.R. § 64.1200(f)(15).

alleges that each call "solicit[ed] home improvement services."[17] During one call, Defendant sent an email that referred to samples, estimates, and warranties.[18] Accepting the allegations as true and construing the *pro se* pleading liberally,[19] the Court can infer that Defendant sought to sell its services through its marketing calls. Plaintiff's claim, therefore, states a factually plausible claim, at least at the pleadings stage.

### C.    Texas Business and Commercial Code claims.

Texas's version of the TCPA adopts the federal statute's prohibitions, and an analysis of one applies to the other.[20] As Plaintiff states a claim under the TCPA, he also states a claim under the equivalent provisions of the Texas Business and Commercial Code, at least at the pleadings stage. Whether Plaintiff can simultaneously recover under both his state and federal claims, if Defendant is found liable for both based on the same calls, is irrelevant to whether he sufficiently pleads each claim.

## III.    CONCLUSION.

The Court **DENIES** Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim [ECF No. 8].

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 26, 2026.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[17] ECF No. 2, at 7–9.
[18] *Id.* at 9; ECF No. 9-1, at 2.
[19] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[20] *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA.").